## No. 12,396.

### COMMERCIAL SOAP WORKS, LIMITED, ET ALS. VS. F. A. LAMBERT COMPANY, LIMITED, ET ALS.

Courts have no power to enjoin the creditor from suing his debtor, merely because the suit is brought in another State to subject to the creditor's demand the debt contracted here by the corporation domiciled in that State with an agent here to represent it, and because this is the domicile of the debtor.

APPEAL from the Civil District Court for the Parish of Orleans.
Ellis, J.

E. Evariste Moise for Plaintiffs, Appellants.

Chaffe & Bowers, Saunders & Miller and Dinkelspiel & Hart for
Defendants, Appellees.

Submitted on briefs March 4, 1897.
Opinion handed down March 15, 1897.

The opinion of the court was delivered by

MILLER, J.   The plaintiffs seek an injunction to restrain creditors
from prosecuting suits in New York to subject to execution a fund
there belonging to the debtor, also the debtor of the plaintiffs.

The allegations of the petition are that the debtor is insolvent;
that the creditors suing in New York are citizens of Louisiana; that
our law makes the property of the debtor the common pledge of
his creditors; that the object of the creditors in seeking the New
York courts is to obtain an unjust preference over other creditors
here; that the debtor and those holding the fund in New York are
combining with the debtor to secure that preference for those he
proposes to favor, prejudicial to the rights of petitioners.   The lower
court refused the injunction and plaintiffs appeal.

The proposition of the petition is, that the courts, under the cir-
cumstances alleged, have the power to enjoin the creditor from
obtaining judgment against his debtor.   Whether the creditor sues
here or in another State, his right of action, except under well de-
fined conditions arising out of positive restrictions in the Code, or
our jurisprudence, can not be questioned.   We can not perceive
that the petition states any case to authorize the denial of defend-
ants' right of suing their debtor.   That he is insolvent furnishes
usually the cause for suit, and that advantage the creditor who sues
promptly is apt to secure over the less active creditor furnishes
him no cause of complaint.   The alleged attempt of the creditors in
the New York courts to secure an unjust preference, suggests the
remedy our law prescribes to secure equality of the rights of cred-
itors of an insolvent debtor.   R. S., Sec. 1781 et seq.   When the

debtor makes a cession vóluntary or forced, our courts, to secure an equal distribution, exert a jurisdiction to enforce from our own citizens the respect due to our laws and will restrain them from bringing suits in another jurisdiction against the insolvent debtor which they could not bring here, and thereby by attachments or judgments obtain preferences or advantages as creditors of the insolvent. The plaintiffs are not in position to invoke that relief. Hayden, Syndic, vs. Yale & Bowling, 45 An. 362, and authorities there cited.

We have given attention to the plaintiffs' argument that the debt in New York sought to be reached by the creditors' suits there is due by a foreign corporation doing business here; that in a double aspect our courts should control the application of the debt for the satisfaction of all the creditors here: first, because the *situs* of the debt is here; second, because here contracted by the agent of the foreign corporations to be deemed subject to our laws, and because it is due here, the domicile of the debtor. We think, if the corporation was here, our courts could not exert that control sought by the injunction to restrain the creditor from suing his debtor.

In no aspect of the case can we perceive the basis for the relief sought.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed with costs.